IN RE APPLICATION OF MRS. E. E. PALARDY.[1]

December 31, 1926.

No. 25,739.

**Revocation of employment agency license not reviewable under § 4251.**
An order of the Industrial Commission revoking an employment agency license pursuant to L. 1925, c. 347, § 8, cannot be reviewed in the district court under the provisions of G. S. 1923, § 4251.

Licenses, 37 C. J. p. 220 n. 2.

Mrs. E. E. Palardy, doing business as the Northwestern Employment Company, appealed from an order of the district court for Hennepin county, Nordbye, J., dismissing a proceeding for want of jurisdiction. Affirmed.

*James C. Batten,* for appellant.

*Clifford L. Hilton,* Attorney General, and *James E. Markham,* Deputy Attorney General, for the state.

[1]Reported in 211 N. W. 824.

DIBELL, J.

Mrs. E. E. Palardy conducted a licensed employment agency at Minneapolis under the name of Northwestern Employment Company. On April 16, 1926, the Industrial Commission of Minnesota, acting pursuant to L. 1925, p. 436, c. 347, § 8, suspended her license for cause after due notice. She then procured from the district court of Hennepin county, under G. S. 1923, § 4251, which is L. 1913, p. 754, c. 518, § 11, an order restraining the enforcement of the order of the commission. Upon the hearing the proceeding was dismissed for want of jurisdiction and Mrs. Palardy appeals.

The question is whether G. S. 1923, § 4251, which is L. 1913, p. 754, c. 518, § 11, is an appropriate remedy when the Industrial Commission suspends a license under L. 1925, p. 436, c. 347, § 8.

Laws 1925, p. 434, c. 347, expressly repealed G. S. 1923, §§ 4246, 4247, which provide for licensing employment agencies, and § 4248, which provides the penalty for a violation of the two preceding sections. Section 4251 was not expressly repealed. Sections 4246, 4247 and 4248 originate in R. L. 1905, §§ 1825-1827. These sections are a part of chapter 23 of the revision of 1905 having to do with the regulation of labor. Sections 1825-1827 were variously amended until they reached the form in which they now appear in G. S. 1923, §§ 4246-4248. Section 4251 first appears in L. 1913, c. 518, § 11,[1] entitled "an act creating the department of labor and industries, and providing for a board of examiners to govern appointments therein," and repealing certain statutes, among them certain sections of chapter 23 of the revision of 1905 and subsequent legislation of the same character, but it did not affect §§ 1825-1827 relating to employment agencies. It referred to no other than free employment bureaus. It did not affect licensed agencies governed by R. L. 1905, §§ 1825-1827, G. S. 1923, §§ 4246-4248.

Chapter 347, p. 434, L. 1925, is a complete body of law upon the subject to which it pertains, including the licensing of employment agencies. Therefore it properly repealed by express terms G. S. 1923, §§ 4246-4248, R. L. 1905, §§ 1825-1827. It did not repeal

[1]See page 419, infra.

§ 4251, for that section was limited as a remedy to the provisions of L. 1913, p. 749, c. 518, and did not apply to chapter 23 of the 1905 revision.

The result is that § 4251 is without application and the petitioner has no remedy under it. For a wrongful revocation of a license the 1925 statute provides no remedy. Of course that does not mean that a person wronged is remediless.

Order affirmed.

## ON MOTION FOR REARGUMENT.

On January 28, 1927, the following opinion was filed:

PER CURIAM.

The statement in the opinion that "section 4251 first appears in L. 1913, c. 518, § 11," is incorrect. The statement in appellant's brief that § 4251 "is taken from section 11, chapter 518, Laws 1913," is more accurate. A provision like that embodied in G. S. 1923, § 4251, and L. 1913, p. 754, c. 518, § 11, is found in R. L. 1905, § 1793. There was an express repeal of § 1793 by L. 1913, p. 755, c. 518, § 15. Our misstatement does not change the result. It is still true that L. 1925, p. 434, c. 347, is a complete body of law upon the subject to which it pertains and that § 4251 is without application. With this explanation the motion for reargument is denied.